Battle, J.
 

 The defendants counsel has urged several objections against the judgment entered in favor ot the plaintiff, of which it is necessary that we should notice one only, as that is decisive of the case. The bond, taken by the officer from the defendant, in the execution, was made payable to E. A. Weaver instead of B. J. Earle, the plaintiff therein, and yet the judgment was entered upon that bond in favor of the plaintiff, who was no party to it. This was clearly erroneous, as was express-
 
 *517
 

 1j
 
 decided in the case of Williams v. Bryan, 11 Ired. Rep. 613, and the judgment ought to have been set aside upon the defendant’s motion, though made the day after defendant Dob-son had been called and failed. The cases of Page v. Winningham, 1 Dev. and Bat. Rep. 113 : Dobbin v. Gaster, 4 Ire. Rep. 71, and Watts v. Boyle, 4 Ired. 331, referred to by the plaintiff’s counsel, show, indeed, that the debtor cannot, after failing to appear, adduce any matter of fact, by way of defence, nor take any objections to the previous proceedings; but that is where the bond is properly taken, payable to the plaintiff in the execution. “ The case (as was said in Williams and Bryan) may be likened to a default in an action of debt, in which the declaration states a bond to A., without deriving any title from A. to the plaintiff, upon which certainly it would be erroneous to give judgment against the defendant, though in default. Here the creditor’s own case, the bond, upon its face, showed that Williams (the plaintiff) could not have judgment upon it in any form of proceeding, whether by action or motion. The default admits the whole case stated in the declaration, in the one case, or in the bond, in the other ; but it admits no more, and does not authorise a judgment on the bond, in favor of any person but the obligee.”
 

 The judgment, therefore, in favor of the plaintiff Earle, on a bond payable to Weaver, was erroneous, and ought to have been reversed.
 

 Judgment reversed.